■ LOUIS TERRA, Respondent, v. MAYFLOWER OXYGEN AND AMBULANCE SERVICE, Incorporated, Appellant.— In an action to recover damages for personal injury, defendant appeals from a judgment of the Supreme Court, Kings County, entered June 7, 1963 after trial upon a jury's verdict of $15,000 in the plaintiff's favor. Judgment reversed on the law and facts, and a new trial granted, with costs to abide the event, unless within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce to $5,000 the amount of the verdict in his favor and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In this action, the plaintiff seeks to recover damages for aggravation of a previously sustained fracture of the left tibia. The sole issue raised by defendant on this appeal is that the $15,000 jury award is excessive. In our opinion, the medical evidence con-

cerning the original fracture of November 3, 1957 and the subsequent stairway fall of November 8, 1957 do not support the award for aggravation of the original injury as a result of the stairway fall; the award is excessive; and, under all the circumstances, $5,000 is just and adequate compensation for such aggravation. Beldock, P. J., Christ and Hill, JJ., concur; Kleinfeld and Rabin, JJ., dissent and vote to affirm the judgment on the ground: (1) that the award is not excessive if the aggravation of the original injury, concededly caused by defendant's negligence, made necessary the subsequent extensive operative procedures upon the plaintiff; (2) that on this issue the record presented a clear question of fact for the jury's determination;· and (3) that its determination in plaintiff's favor, as indicated by the amount of its award, cannot be said to be against the weight of the evidence.